USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IQBAL NAZ SULEHRIA,  :

                              Plaintiff,  :

        -against-  :

THE CITY OF NEW YORK, *et al*,  :

                            Defendants.  :
------------------------------------------------------------x

05 Civ. 4486 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

    Plaintiff Iqbal Naz Sulehria brings this action pursuant to 42 U.S.C. § 1983 for violation of his constitutional rights under various statutes. While not specifically pled by plaintiff's attorney in the amended complaint, Magistrate Judge Michael H. Dolinger also inferred a conspiracy claim pursuant to 42 U.S.C. § 1985 from the facts alleged. All claims stem from Sulehria's employment as a legal coordinator for defendant New York City Department of Correction ("DOC"). After several years of motion practice and discovery, defendants moved for partial summary judgment on August 18, 2008.

I.    **The Report and Recommendation**

    On October 13, 2009, Judge Dolinger issued a report recommending that defendants' motion be granted for the reasons set forth in the Report and Recommendation, except to the extent that defendants' motion sought dismissal of any conspiracy claim brought pursuant to 42 U.S.C. § 1985. Defendants filed timely objections to that Report and Recommendation on November 13, 2009. After de novo review of the Report and Recommendation as well as defendants' objections thereto, *see* 28 U.S.C. § 636(b)(1)(B), (C), the Court accepts Judge Dolinger's Report and Recommendation except to the extent that it recommends denial of the

motion for summary judgment with respect to any conspiracy claim. As to any claim for conspiracy, the motion for summary judgment is also granted. The Court writes here to set forth its conclusion that defendants timely challenged Sulehria's lack of evidentiary support for any conspiracy claim in both their opening and reply briefs on this motion. Because the facts—resolving all ambiguities and drawing all factual inferences in favor of Sulehria pursuant to Fed. R. Civ. P. 56—do not support a claim for conspiracy pursuant to section 1983 or section 1985, defendants' motion for summary judgment on any conspiracy claim is granted.

## II. Defendants adequately briefed their meritorious argument that plaintiff's conspiracy claims fail for lack of evidentiary support.

The Court has addressed—and partially rejected—conspiracy claims inferred from Sulehria's pleadings before. In his Report and Recommendation dated October 31, 2006, Judge Dolinger, responding to a preemptive argument offered by defendants in support of that motion to dismiss, inferred conspiracy claims pursuant to 42 U.S.C. § 1983 and § 1985 from Sulehria's pleadings. (*See* Report and Recommendation dated Oct. 31, 2006 at 29-30.) Judge Dolinger recommended granting defendants' motion and dismissing any such claims brought pursuant to section 1983 at that time because Sulehria offered mere conclusory allegations in the complaint. However, he recommended denial of the motion to dismiss any conspiracy claims that Sulehria may have intended to bring pursuant to section 1985. This Court adopted that Report and Recommendation on December 22, 2006 and dismissed, *inter alia*, all conspiracy claims brought pursuant to section 1983 with prejudice.

Sulehria does not include a specific cause of action for conspiracy—pursuant to either section 1983 or section 1985—in his amended complaint. Nonetheless, out of an abundance of caution, defendants included a brief argument for the dismissal of a conspiracy claim in their

2

opening brief in support of their motion for partial summary judgment. Specifically, defendants argued that

> [i]n Magistrate Judge Dolinger's Report and Recommendation, dated October 31, 2006, which was adopted by the Court on December 22, 2006, all plaintiff's conspiracy claims under section 1983 were dismissed with prejudice. . . . Thus, to the extent plaintiff purports to now assert claims of conspiracy under sections 1983, he again fails to state a claim. *See, e.g., Fulani v. McAuliffe*, No. 04-Civ.-6973, 2005 U.S. Dist. LEXIS 20400, at *14, *19 (S.D.N.Y. Sept. 19, 2005) (plaintiff's alleged conspiracy claim under § 1983 fails because it contains only conclusory allegations).

(Defs.' Mem. at 22.) In response to some combination of this argument and defendants' argument regarding *Monell* liability, plaintiff's attorney asserted in his opposition brief that "certain individuals made comments to the effect that they have to ban[d] together to get rid of Plaintiff because of his membership in those protected classes or that they were acting in concert in order to do so." (Pl.'s Mem. at 17.) In support of this statement, he cites to portions of plaintiff's Counter-Statement of Undisputed Facts that allege that one defendant "was telling inmates that '[Plaintiff is] a Muslim, we have to work against [him]. We have to get rid of him.'" (Pl.'s Local Civil Rule 56.1 Statement of Undisputed Facts ("Pl.'s 56.1") ¶ 68); that one unnamed DOC employee told another unnamed DOC employee "to leave Plaintiff's complaints pertaining to inmates alone—that 'we are not writing up any inmate for this fucking muslim shit,' referring to Plaintiff (*id.* ¶ 82); and that Sulehria observed defendants Murdaugh and Tripplett preparing "a sign on the computer regarding Plaintiff and then 'posting' it on his briefcase" (*id.* ¶ 85).

In reply, defendants then reiterated their previous contention that Sulehria appears to argue that a conspiracy existed to deprive him of his constitutional rights in violation of section 1983, whereas he should bring any conspiracy claim pursuant to section 1985. (Defs.' Reply Mem. at 8.) In addition, defendants argue that

3

> 'a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'...
>
> In opposition, plaintiff puts forward no evidence to demonstrate a conspiracy. Rather, he claims without a single supporting affidavit that comments were made to indicate a conspiracy.

(Defs.' Reply Mem. at 8.) Judge Dolinger rejected defendants' argument, not on the basis that Sulehria had proffered any evidentiary support for a conspiracy claim, but rather simply because defendants had raised the issue of a lack of evidentiary support for any conspiracy claim only in their reply brief, thus depriving Sulehria of an opportunity to respond. (*See* Report and Recommendation dated Oct. 13, 2009 at 63-64.) The Court disagrees. Defendants' argument in reply differs only in depth—not in content—from that offered in their opening brief, which itself was simply insurance should Judge Dolinger infer a conspiracy claim that plaintiff had not even set forth in the amended complaint. (*See* Defs.' Objections at 6.)

Moreover, defendants' arguments as to why summary judgment should be granted apply with equal force to conspiracy claims that could be inferred pursuant to either section 1983 or section 1985, since both causes of action require a plaintiff to demonstrate the existence of a conspiracy. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-24 (2d Cir. 2002) (To state a claim for conspiracy to violate section 1983, a plaintiff must "allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."); *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007) ("In order to state a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must show: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege

4

of a citizen of the United States."). As defendants noted first in their opening brief and again in reply, Sulehria provides no factual support whatsoever that demonstrates an agreement between defendants to act against him in an unlawful manner as required to succeed on a claim of conspiracy.

Because defendants added only detail, rather than new substance, to their—ultimately correct—argument in support of summary judgment for any claims of conspiracy that might be read into Sulehria's amended complaint, the Court accepts those arguments, grants defendants' motion for summary judgment on any conspiracy claims, and dismisses those conspiracy claims.

### III. Conclusion

Accordingly, it is hereby ordered that Judge Dolinger's Report and Recommendation dated October 13, 2009 is adopted except to the extent that this Court finds that Sulehria has proffered no evidentiary support for any claims for conspiracy that might be inferred from his amended complaint. Defendants' motion for partial summary judgment is granted in its entirety for the reasons set forth in the Report and Recommendation and in this Order.

Dated: New York, New York
November 23, 2009

SO ORDERED:

Sidney H. Stein, U.S.D.J.